Nash, C. J.
 

 There is no error. The plaintiff, as slierff of Yancy County, had in his hands an execution against one Keller, which was levied on the land in dispute, and at the sale, one Brayles was the highest bidder at the price of three dollars and fifty Cents. The land was worth three hundred, or three hundred and fifty dollars. About a month after, the sale to Brayles, the plaintiff executed a conveyance to him of the land, and on the same day, Brayles executed a conveyance to him of the same land. Ilis Honor instructed the jury in substance, that if Brayles purchased the land for the plaintiff, the sale wras void, and the plaintiff could not recover. There can be no question of the correctness of the charge. There is no
 
 *485
 
 principle in our law better settled, than that a sheriff cannot purchase at his own sale, and it would be a miserable evasion of the law if he could rightfully do that by an agent which he is forbidden to do himself. If, by so shallow a contrivance as this case presents, the law can be eluded, the principle, forbidding a sheriff to prostitute his office to his own iniquitous gain, would not be worth a straw. The importance of the prohibition imposed upon the sheriff could not be better exemplified than by the facts set forth in this case. The plaintiff and the defendant in the execution, settled their business to their mutual satisfaction, and the plaintiff was informed of it, and told that the land was not to be sold. The parties left the ground, and on the following day, in the absence of the defendant in the execution, when but a few persons were present, the land, worth $300, was sold, and Brayles proclaimed the purchaser at the sum of $3,50, and when the conveyance was made by the plaintiff to Brayles, he immediately recon-veyed it to the sheriff at the nominal price of $12.
 

 The weight and effect of the testimony was left to the jury, and they, by returning a verdict for the defendant, found that the plaintiff was himself the purchaser through his agent, Brayles. See
 
 Foard
 
 v. Blount, 3 Ire. Rep. 517 ;
 
 McLeod
 
 v.
 
 McCall,
 
 3 Jones’ Rep. 87.
 

 Per Curiam. Judgment affirmed.